MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APR 28 2008
4-28-2008
JUDGE VIRGINIA M. KENDALL
U.S DISTRICT COURT

UNITED STATES OF AMERICA )
) No. 07 CR 825
vs. ) Judge Virginia Kendall
)
STEVEN ROBERSON )

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant STEVEN ROBERSON, and his attorney, STEVEN M. LEVY, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with possession of counterfeit United States currency, in violation of Title 18, United States Code, Section 472 (Counts 1 and 3) and production of counterfeit United States currency, in violation of Title 18, United States Code, Section 471 (Count 2).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count Two of the indictment. Count Two charges defendant with producing $13,750 in counterfeit Federal Reserve notes, in denominations of one hundred dollars ($100) and fifty dollars ($50), in violation of Title 18, United States Code, Section 471. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count Two of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt and relevant conduct beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about November 20, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, STEVEN ROBERSON, defendant herein, with intent to defraud, falsely made, forged, counterfeited, and altered obligations of the United States, namely, approximately thirteen thousand seven hundred and fifty dollars ($13,750) in counterfeit Federal Reserve notes, in denominations of one hundred dollars ($100) and fifty dollars ($50), in violation of Title 18, United States Code, Section 471.

More specifically, defendant acknowledges that he produced $13,750 in counterfeit Federal Reserve notes at his residence at 9506 S. Loomis, Chicago, Illinois, using a Hewlett Packard PSC 2410 Photosmart All-in-one printer, scanner, and copier bearing serial number MY418J11S2. Defendant took genuine $5 Federal Reserve notes and removed the ink from

the notes by putting the notes in degreaser to remove the ink. Defendant then took the currency out of the degreaser and let it dry. Defendant then matched the bleached paper with a genuine $100 bill, taping the $100 bill to the bleached paper with a bit of tape, and used the All-in-one printer to print the image of the $100 bill onto the bleached paper. Defendant repeated this process to produce all of the counterfeit notes, one at a time.

7. Defendant also acknowledges that for the purpose of computing his sentence under the Sentencing Guidelines, the following conduct, to which he stipulates, constitutes relevant conduct under Guideline §1B1.3:

Defendant produced and sold at least $22,000 [handwritten: 70,000] in counterfeit U.S. currency from on or about July 25, 2006 to on or about November 19, 2007. From on or about July 25, 2006 to on or about July 25, 2007, Defendant produced counterfeit U.S. currency using a Hewlett Packard PSC 2410 Photosmart All-in-one printer, scanner, and copier bearing serial number MY37LC12X8. From on or about August 1, 2007 to on or about November 19, 2007, Defendant counterfeit U.S. currency using a Hewlett Packard PSC 2410 Photosmart All-in-one printer, scanner, and copier bearing serial number MY418J11S2.

Defendant took genuine $5 Federal Reserve notes and removed the ink from the notes by putting the notes in degreaser to remove the ink. Defendant then took the currency out of the degreaser and let it dry. Defendant then matched the bleached paper with a genuine $100 bill, taping the $100 bill to the bleached paper with a bit of tape, and used the All-in-

one printer to print the image of the $100 bill onto the bleached paper. Defendant repeated this process to produce all of the counterfeit notes, one at a time.

### Maximum Statutory Penalties

8. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

    b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

### Sentencing Guidelines Calculations

9. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

10. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

    a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding

the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

    b. **Offense Level Calculations.**

        i. The base offense level for the charge in Count Two of the indictment is 9, pursuant to Guideline §2B5.1(a);

        ii. ~~It is the government's position that~~ pursuant to Guideline §§2B5.1(b)(1) and 2B1.1(b)(1)(E), the offense level must be increased by 8 levels because the face value of the counterfeit items exceeded $70,000 but did not exceed $120,000. ~~Defendant reserves the right to disagree with the application of this enhancement at sentencing.~~

        iii. Pursuant to Guideline §2B5.1(b)(2)(A), the offense level must be increased by 2 levels because the defendant manufactured and produced counterfeit obligations of the United States.

        iv. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

      v.    In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

    c.    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 1 and defendant's criminal history category is I:

      i.    On or about February 24, 2005, defendant was convicted of Solicitation of Sexual Act in the Circuit Court of Cook County and sentenced to three months' court supervision. Pursuant to Guideline § 4A1.1(c), defendant receives 1 criminal history point for this conviction.

    d.    **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the government's anticipated offense level is 16, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 21 to 27 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. As noted

above, defendant reserves the right to disagree with the calculation of the offense level at sentencing.

   e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

   f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

**Agreements Relating to Sentencing**

11.    The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

12.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above.  Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13.    Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

14.    After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to this defendant.

**Forfeiture**

15.    The indictment charges that defendant has subjected real and personal property to forfeiture, namely (1) a Hewlett Packard PSC 2410 Photosmart All-in-one printer, scanner, copier, Serial No. MY418J11S2, (2) one hundred thirty-seven counterfeit $100 federal reserve notes, (3) five counterfeit $50 federal reserve notes, and (4) eleven genuine $100

federal reserve notes, because that property constitutes, was derived from, or was otherwise involved in the making, possessing, and attempting to make falsely made and counterfeited obligations of the United States. By entry of a guilty plea to Count Two of the indictment, defendant acknowledges that the property identified above is subject to forfeiture.

16. Defendant agrees to the entry of a forfeiture judgment against the property identified above, in that this property is subject to forfeiture. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described property and further agrees to the seizure of this property so that this property may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture.

17. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

### Presentence Investigation Report/Post-Sentence Supervision

18. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

19. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

20. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Acknowledgments and Waivers Regarding Plea of Guilty

**Nature of Plea Agreement**

21.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 07 CR 825.

22.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

23.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.      **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

      ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

      iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

      iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

      v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

      vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

      vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    b.    **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

    c.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Other Terms

24.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

25. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

26. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

27. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

28. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

29. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 4/28/08

_____  _____
PATRICK J. FITZGERALD         STEVEN ROBERSON
United States Attorney        Defendant

_____  _____
RENATO MARIOTTI               STEVEN M. LEVY
Assistant U.S. Attorney       Attorney for Defendant