UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)   Case. No. 07 CR 825<br>STEVEN ROBERSON  )   Judge Virginia M. Kendall<br>Defendant.  )<br>_____) | |

**DEFENDANT'S RESPONSE TO PRESENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD DEPARTURE**

Comes Now Defendant Steven Roberson, by and through his undersigned counsel, Steven M. Levy, and, pursuant to Rule 32 (f) of the Federal Rules of Criminal Procedure respectfully files this Motion for Downward Departure and response to the Presentence Investigation Report (hereinafter, the "PSR") prepared by Jason D. Christiansen, the United States Probation Officer in this case.

I. Corrections to the Presentence Report

A. Offense Level Computations

In determining the base offense level in this case, the Probation Officer applied §2B5.1 of the Sentencing Guidelines. As a result, the Probation Officer concluded that in this case the base offense level is nine. The Probation Officer's analysis of the base offense level is incorrect.[1] The Probation Officer

---

[1] Counsel initially agreed with the government that 2B5.1 was the applicable guideline for sentencing in this case. After review of the case law cited above, counsel believes that defendant should be sentenced under 2B1.1 and that Section 10(f) of the Plea Agreement requires counsel to notify the court and the government that an error has been made in the interpretation of the guidelines.

should have applied §2B1.1 of the guidelines rather than §2B5.1 in determining the base offense level in this case.

In the present case, the defendant bleached genuine federal reserve currency and reprinted over that bleached surface to make counterfeit currency. See, PSR, P. 3, lines 74-78. The use of genuine currency by the defendant precludes the application of §2B5.1. Application Note 3 to §2B5.1 provides, in pertinent part, that

> "Counterfeit" as used in this section, means an instrument...<u>falsely made or manufactured in its entirety. Offenses involving genuine instruments that have been altered are covered under §2B1.1</u> (emphasis supplied)

In <u>United States v. Inclema</u>, 363 F.3d 1177 (11th Circuit 2004), the defendant started with federal reserve notes, bleached the notes and reprinted on the surface of the note. The district court sentenced the defendant pursuant to §2B5.1. The Court of Appeals vacated the sentence imposed by the district court and remanded for resentencing finding that,

> ...defendants who start with genuine paper currency and modify it by whatever means for the purpose of creating non-genuine currency should be sentenced under §2B1.1. Id at 1182.

See, also, <u>United States v. Schreckengost</u>, 384 F.3d 922 (7th Cir. 2004).

In view of the foregoing, defendant Roberson should be sentenced under §2B1.1 rather than §2B5.1. As defendant should be sentenced pursuant to §2B1.1, the base offense level is 7 rather than 9.

    B.    <u>Part C Offender Characteristics</u>

The Probation Officer notes that defendant has not provided evidence that defendant has received training as fork lift driver. See, PSR, p. 13, Lines

342-43. Defendant will bring to Court evidence that he is certified as a forklift drive with Sam's Club. The Probation Officer reports that the defendant did not file his tax returns for 2004 to 2007. See, PSR, p. 16, lines 437-438. Defendant contests that assertion and maintains that he has filed his tax returns for the above cited periods.

    II.    <u>Factors That Warrant Departure</u>

    A.    <u>The Guideline Sentence is Excessive</u>

18 U.S.C. Section 3553(a) provides, in pertinent part, that, "The court shall impose a sentence sufficient, but not greater than necessary…to provide just punishment for the offense".  In the present case, by mechanical application of the guidelines, defendant Roberson receives an 8 level increase based upon the loss amount. Other than citing a specific amount, the rationale underlying the 8 level increase is not explained.[2]  As a result of the arbitrary 8 level increase, defendant Roberson's guideline sentencing range is in Zone D of the Sentencing Table. He is, therefore, ineligible for probation even though he has a very minor record. The punishment is excessive, unjust and greater than necessary to provide just punishment for the offense.

    B.    <u>Family Circumstances Warrant a Departure from the Guidelines</u>

In the present case, defendant Roberson has two young children who are 4 years old and are now in kindergarten.  He sees the children at least 3 days every week, as he and Ms. Sanders share custody of the children. The children need his attention and his help. Defendant Roberson has worked at Sam's

---

[2] That is, the Sentencing Commission does not explain why an 8 level increase rather than 7, for example, is appropriate.

3

Club, the Chicago Streets and Sanitation Department and the United States Postal Service. He is able to work and wants to support his children.

18 U.S.C. Section 3553(b) provides that a sentencing court may depart from the guidelines when the judge finds, "…a mitigating circumstance of a kind…not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." The departures are also authorized by Section 5H1.6 of the Sentencing Guidelines. In order to seek and obtain a reduction under 5H1.6, a defendant's family circumstances need only be out of the ordinary. As noted by the Third Circuit in <u>United States v. Dominguez</u>, 296 F.3d 192,195 (3rd Cir. 2002),"…the circumstances of the case must simply place it outside the ordinary'…There is no requirement that the circumstances be *extra*-ordinary by any particular degree of magnitude."

The Seventh Circuit is in accord with the position taken by the Third Circuit in <u>Dominquez</u>. In <u>United States v. Owens</u>, 145 F.3d 923, 926(7th Cir. 1998), the defendant worked at an upholstery company and cared for his three children after school. He helped them with their homework. He had a good relationship with his children. Pursuant to 5H1.6, Judge McDade reduced the defendant's guideline range from 168 months to 120 months. The Seventh Circuit affirmed the reduction. The defendant's family circumstances which led to the reduction were just out of the ordinary.

In <u>United States v. Sclamo</u>, 997 F.2d 970 (1st Cir. 1993), the First Circuit approved a downward departure because the defendant had developed an important relationship with the son of a woman he had been living with for

4

three years. The son had attention deficit hyperactivity disorder. The child viewed defendant as his stepfather and had developed a warm relationship with him. The court found that defendant had, "...a track record of steady and effective support of James (the son)...", and that the defendant's incarceration might harm the child. Id. at 974. In this case, defendant Roberson has a steady record of caring and providing support for his children.

In United States v. Johnson, 964 F.2d 124 (2nd Cir. 1992) The District Court gave a ten level reduction under guidelines because of defendant's family circumstances. The defendant in Johnson was the single parent of three young children and was also responsible for the young child of an institutionalized daughter. Id. at 129. The Court gave particular attention to the impact and the hardship that the defendant's incarceration would have on her family. Id. at 130. In affirming the reduction, the Second Circuit Court of Appeals noted that, "The United States Sentencing Guidelines do not require a judge to leave compassion and common sense at the door to the courtroom." Id. at 125.

The extraordinary nature of defendant Roberson's family circumstances justify a downward departure of 8 levels from the guideline range pursuant to Section 5H1.6 of the Sentencing Guidelines.

    C.    <u>Corrected Guideline Calculation</u>

Defendant should be in Criminal History category I. The base offense level is 7. Do not add the 12 levels, as suggested by the Probation Officer and the government; then, subtract 2 levels for acceptance of responsibility. The

resulting guideline range is 0-6 months, an appropriate and fair sentence under 18 U.S.C. Section 3553(a).

                                              Respectfully submitted,

                                              S/ Steven M. Levy_____
                                              Steven M. Levy, Esq.
                                              266 Rutledge Street
                                              Gary, Indiana 46404
                                              219-882-1071
                                              Bar No. 1645897
                                              Attorney for Defendant Roberson

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that in compliance with the Order of the United States District Court on Electronic Filing, a copy of the foregoing Defendant's Response was served by electronic means, this 18th day of July, 2008 on Renato Mariotti, Assistant U.S. Attorney, Office of the United States Attorney, 219 S. Dearborn, 5th Floor, Chicago, Illinois 60604 and to Jason Christiansen, U.S. Probation Officer, 55 E. Monroe-Suite 1500, Chicago, Illinois 60603.

                                              S/ Steven M. Levy_____
                                              Steven M. Levy, Esq.